**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Todd Michael Taylor, | ) | |
| | ) | Civil Action No. 2:12-cv-01293-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Major Neal Urch; Corporal Tahara; | ) | |
| Dr. Bianco, Med. Dept., | ) | |
| | ) | |
| Defendants. | ) | |
| _____) | | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 90], filed on February 1, 2013, recommending that Defendant Dr. Bianco's ("Dr. Bianco") Motion to Dismiss and Motion for Summary Judgment, [Dkt. No. 27], regarding Plaintiff's Eighth Amendment claim of deliberate indifference to serious medical need brought under 42 U.S.C. § 1983, be denied. The Report sets forth in detail the relevant facts and legal standards on this matter which the court incorporates herein without a recitation.

**STANDARD OF REVIEW**

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court

1

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

The Magistrate Judge's Report recommends that Dr. Bianco's motion be denied because the Magistrate Judge found that Plaintiff sufficiently stated a cause of action and demonstrated a genuine issue of fact with regard to whether Dr. Bianco acted with deliberate indifference to any serious medical need of Plaintiff. The Magistrate Judge reasoned that, in viewing the facts in the light most favorable to Plaintiff, the record before the court contained evidence that Plaintiff fell and injured his arm and back on May 1, 2012, in a manner requiring medical attention at the Spartanburg Regional Medical Center ("SRMC"). The SRMC emergency room physician advised Plaintiff to wear a splint and prescribed Plaintiff the medications Ultram and Flexeril. Under Dr. Bianco's authority, staff at the detention center did not administer the medications Ultram and Flexeril to Plaintiff. Instead, they continued a medication regiment began with Plaintiff before his fall. Thereafter, Plaintiff continued to complain of pain and request medical attention. However, Dr. Bianco did not make a medical visit to Plaintiff until several days after Plaintiff's return from the SRMC and continuous complaints of pain. The Magistrate Judge further observed that the records reflected that the medication regimen Plaintiff did receive was not provided with regularity. This course of treatment continued after Dr. Bianco received radiology reports from the SRMC noting a "fracture of the ulnar styloid which could be acute." [Dkt. No. 27-1 at 35-40]. The Magistrate Judge acknowledged that "While the fact that a plaintiff may not agree with specific pain medication ordered would not constitute deliberate indifference, *see Wright*, 766 F.2d at 849, leaving an inmate

2

with a broken bone in lock-up for three days with no pain medication and no medical treatment could support a claim for deliberate indifference." [Dkt. No. 90, at 8-9].

Dr. Bianco timely filed objections to the Magistrate Judge's Report. [Dkt. No. 93]. Dr. Bianco objects to the recommendation of the Magistrate Judge on the ground that "disagreements between an inmate and a physician over the inmate's proper medical care" do not support an Eighth Amendment claim of deliberate indifference to serious medical need pursuant to § 1983. *See* Objections of Defendant Salvatore Dianco, MD, to Report and Recommendation of Magistrate Judge to Todd Michael Taylor 12-06207, Plaintiff [Dkt. No. 93, at 2] (quoting *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985)). Dr. Bianco first implies that Plaintiff has presented no evidence in the record to support his allegations that he received inadequate medical attention by categorizing Plaintiff's claims as "unsubstantiated." However, Plaintiff's Response in Opposition of Defendant Bianco's Motion to Dismiss and Motion for Summary Judgment By Plaintiff Todd M. Taylor [Dkt. No. 42] is in the nature of a declaration made under penalty of perjury. Therefore, Plaintiff has submitted the equivalent of an affidavit in support of his claims. *See* 28 U.S.C. § 1746 (2008) (noting that unsworn declarations can satisfy affidavit requirement only if signed under penalty of perjury); *see also Williams v. Sielaff*, 914 F.2d 250, 250 (4th Cir.1990) (noting that statement made under penalty of perjury and declared to be true and correct to the best of declarant's knowledge qualifies as affidavit). Additionally, Dr. Bianco attempts to persuade the court to disregard the standard of review and, instead, view the facts in the light most favorable to him. Particularly, Dr. Bianco insists that the medications he authorized and prescribed were the appropriate medications and that the medications prescribed at the SRMC were inappropriate for Plaintiff. In reference to the prescribing information for Ultram, Dr. Bianco notes that the product information contains a

3

seizure warning for patients with a risk for alcohol or drug withdrawal. However, the SRMC records submitted by Dr. Bianco in support of his motion actually note Plaintiff's drug use as "shoots heroin." [Dkt. No. 27-1, at 25]. Therefore, the record reflects that the emergency physician at the SRMC may have prescribed Ultram as an appropriate course of treatment given Plaintiff's charted drug use. Accordingly, there still remains a genuine issue of material fact concerning Dr. Bianco's actions and Plaintiff's claims of deliberate indiference.

## CONCLUSION

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 90]. It is therefore **ORDERED** that Defendant Dr. Bianco's Motion to Dismiss and Motion for Summary Judgment [Dkt. No. 27] is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
February 27, 2013